UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **WILFRED GREENUP** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-6817** |
| **LOUISIANA STATE, ET AL** | **SECTION "O"(4)** |

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A**, and as applicable, **42 U.S.C. § 1997e(c)(1) and (2)**. The Court has determined that this matter can be resolved without an evidentiary hearing.

### I. Factual Background

#### A. The Complaint

Wilfred Greenup ("Greenup") filed this suit *pro se* against Attorney General Jeff Landry, the State of Louisiana, St. John the Baptist Parish, Warden Travis Day, 40th Judicial District Attorney Bridget A. Dinvaut, and 40th Judicial District Attorney Orthel Jasmin. R. Doc. 1. Greenup alleges that he was indicted and charged as an adult for First Degree Murder on January 23, 1985. *Id.*

Greenup alleges that he is wrongfully imprisoned since he was arrested at 17 years old in 1985 for first degree murder and was charged as an adult for the murder of Officer Sherman Walker. *Id*. He alleges that he was interrogated without his parents or a lawyer present and was coerced into pleading guilty to attempted first degree murder. *Id*. Greenup alleges that he was subsequently sentenced to 40 years and incarcerated at Angola State Penitentiary, one of the most dangerous prisons in the country. *Id*.

Greenup alleges that on March 23, 2023, his application for post-conviction relief was granted but later reversed by the Louisiana Fifth Circuit Court of Appeal. *Id*. Greenup alleges that in response, he filed a Writ with the Louisiana Supreme Court. *Id*. Greenup contends that sending him to the State Penitentiary as a 17-year-old constitutes cruel and unusual punishment and resulted in intentional inflection of emotional distress. *Id*. As a result, Greenup seeks damages of one hundred million dollars, lost wages for every day that the has been falsely imprisoned, and court fees and costs of reeducating himself upon his release from jail. *Id*.

## II.   Standard of Review for Frivolousness

Title 28 U.S.C. §§ 1915A and 42 U.S.C. §§ 1997e(c) require the Court to *sua sponte* dismiss cases filed by prisoners proceeding *in forma pauperis* upon a determination that they are frivolous. The Court has broad discretion in determining the frivolous nature of the complaint. *See Cay v. Estelle,* 789 F.2d 318 (5th Cir. 1986), *modified on other grounds, Booker v. Koonce,* 2 F.3d 114 (5th Cir. 1993). However, the Court may not *sua sponte* dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint.

Under this statute, a claim is frivolous only when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams,* 490 U.S. 319 (1989); *Talib v. Gilley,* 138 F.3d 211, 213 (5th Cir. 1998). A claim lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist. *Harper v. Showers,* 174 F.3d 716, 718 (5th Cir. 1999). It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations. *Denton v. Hernandez,* 504 U.S. 25, 32-33 (1992); *Neitzke,* 490 U.S. at 327-28. Therefore, the Court must determine whether the plaintiff's claims are based on an indisputably

2

meritless legal theory or clearly baseless factual allegations. *Reeves v. Collins,* 27 F.3d 174, 176 (5th Cir. 1994); *see Jackson v. Vannoy,* 49 F.3d 175, 176-77 (5th Cir. 1995); *Moor v. Mabus,* 976 F.2d 268, 269 (5th Cir. 1992).

### III.     Analysis

#### A.     Claims Against the State of Louisiana, and Attorney General Jeff Landry

Greenup names the State of Louisiana and Attorney General Jeff Landry as defendants in this matter. However, suits against the State and its representatives implicates the Eleventh Amendment immunity doctrine. *Muhammad v. Louisiana*, Nos. 99-3742 & 99-2694, 2000 WL 1568210 (E.D. La. Oct. 18, 2000); *Citrano v. Allen Corr. Ctr.*, 891 F. Supp. 312, 320 (W. D. La. June 14, 1995) ("A suit against any state correctional center would be suit against the state and therefore barred by the Eleventh Amendment.") (citing *Anderson v. Phelps*, 655 F. Supp. 560, 560 (M.D. La. 1985); *Bldg. Eng'g Servs. Co. v. Louisiana*, 459 F. Supp. 180 (E.D. La. 1978)). Additionally, a Section 1983 claim against a state official, such as the Attorney General in his official capacity for monetary damages, is a claim against the State itself. Therefore, such a claim is barred by the Eleventh Amendment.

The Eleventh Amendment forbids federal courts from entertaining a suit for money damages brought by a citizen against his own State. *Pennhurst State Sch. v. Halderman*, 465 U.S. 89, 98 (1984); *Voisin's Oyster House, Inc. v. Guidry*, 799 F.2d 183, 185-86 (5th Cir. 1986). It also prohibits suits for declaratory and injunctive relief brought against the State. *See Saltz v. Tenn. Dep't of Employment Sec.*, 976 F.2d 966, 968 (5th Cir. 1992) (declaratory and prospective injunctive relief cannot be pursued directly against the State in federal court.) A state may expressly waive this Eleventh Amendment sovereign immunity. *See Edelman v. Jordan*, 415 U.S.

3

651, 673 (1974) (holding that a state's consent to suit against it in federal court must be expressed "unequivocally"); *Welch v. Dep't of Highways*, 780 F.2d 1268, 1271-73 (5th Cir. 1986). However, neither the State of Louisiana, nor Attorney General Landry have waived Eleventh Amendment sovereign immunity.

Additionally, La. Rev. Stat. Ann. § 13:5106(a) provides that "no suit against the state . . . shall be instituted in any court other than a Louisiana state court." The Court is therefore without jurisdiction to consider the plaintiff's claims against the State of Louisiana and Attorney General Jeff Landry. *See Warnock v. Pecos Cnty., Tex.*, 88 F.3d 341, 343 (5th Cir. 1996). Thus, Greenup's claims against the State and Attorney General Landry are frivolous, for failure to state a claim for which relief can be granted and for seeking relief from an immune defendant pursuant to 28 U.S.C. § 1915(e) and § 1915A, and 42 U.S.C. § 1997e. Therefore, Greenup's claims against the State and Attorney General Greenup must be dismissed without prejudice for lack of jurisdiction. *See Warnock v. Pecos Cnty., Tex.*, 88 F.3d 341, 343 (5th Cir. 1996).

B. **Claims Against Parish of St. John the Baptist**

Greenup generally alleges that the Parish of St. John the Baptist is liable to him. R. Doc. 4-1 at 2. However, he does not state how the parish is a proper party in this matter.

To hold a municipality or a local government unit liable under Section 1983 for the misconduct of one of its employees, a plaintiff must initially allege that an official policy or custom was a cause in fact of the deprivation of rights inflicted. *See Jacobs v. W. Feliciana Sheriff's Dep't*, 228 F.3d 388, 392 (5th Cir. 2000); *see also Corley v. Prator,* 290 Fed.Appx. 749, 752 (5th Cir. 2008). To satisfy the cause in fact requirement, a plaintiff must allege that the custom or policy served as a moving force behind the constitutional violation at issue or that his injuries resulted

4

from the execution of an official policy or custom. *Id*. Moreover, the description of a policy or custom and its relationship to the underlying constitutional violation cannot be conclusory; it must contain specific facts. *Id*.

In this case, Greenup named the Parish of St. John the Baptist as a Defendant, but the complaint does not contain any allegations against them. Therefore, Greenup's claim against the Parish of St. John the Baptist is frivolous and should be dismissed.

### C.   Claims Against Warden Travis Day

Greenup also named Warden Day, the warden of. B.B. Sixty Rayburn (RCC). However, Greenup does not however set forth any allegations against the warden. Assuming that Greenup is asserting that the warden is wrongfully incarcerating him, his claims are barred by *Heck v. Humphrey*, 512 U.S. 477, 486–87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994).

The *Heck d*octrine bars the Court from entertaining a suit for damages under § 1983 where such claims would necessarily undermine the validity of the state court criminal conviction. *See Buckenberger v. Reed*, 342 Fed.Appx. 58, 61 (5th Cir. 2009) (citing *Heck*, 512 U.S. at 486–87). Thus, to the degree Greenup seeks to sue the warden as a result of his incarceration at Rayburn, this claim is barred by *Heck*. Notably, Greenup admits that his conviction has been upheld by the Louisiana Supreme Court.

### D.   Claims against D.A. Bridget A. Dinvaut and ADA Orthel Jasmin

Greenup also seeks to allege that the current District Attorney, Bridget Dinvaut, was leading the charge investigating the murder of her fellow Officer Sherman Walker. Greenup contends that the district attorney should have recused herself. Greenup also alleges that ADA Orthel Jasmin should have recused because she and Judge Madeline Jasmin of the 40th Judicial

5

District Criminal District Court are related family members. He does not set forth allegations against ADA Jasmin other than her familial relationship. Greenup also seeks to allege that the ADA and DA had a personal vendetta against him and that they had an undescribed conflict but refused to recuse themselves from his case. Consequently, Greenup contends that he was subject to cruel and unusual punishment because he is falsely imprisoned. He further alleges that indicting him as an adult when he was a child is unconstitutional.

The Supreme Court has recognized, however, that there are some officials whose duties require a full exemption from liability. Such officials include prosecutors in the performance of their official functions. *Imbler v. Pachtman,* 424 U.S. 409, 430-31 (1976); *Yaselli v. Goff*, 275 U.S. 503 (1927). In order to determine whether a government official is absolutely immune from suit, the proper focus should not be the identity of the party claiming the immunity, but his role in the context of the case. *Mays v. Sudderth,* 97 F.3d 107, 110 (5th Cir. 1996). In other words, immunity attaches to particular official functions, not to particular offices. *Forrester*, 484 U.S. at 229; *see also ONeal v. Miss. Bd. of Nursery*, 113 F.3d 62 (5th Cir. 1997).

In the context of absolute prosecutorial immunity, immunity from suit extends only to those acts intimately associated with the judicial phase of the criminal process which includes the presentation of the State's case, evaluating evidence, and interviewing witnesses in preparation for trial. *Burns v. Reed*, 500 U.S. 478, 492 (1991). Further, locating and securing evidence such as a gun in this case is intimately associated with the judicial phase of the case. Also, the duty to decide which charges to bring and whether to pursue a conviction in Court is among the traditional functions of a prosecutor. *See Kalina v. Fletcher*, 522 U.S. 118, 125 (1997).

Greenup's complaints against D.A. Bridget A. Dinvaut presumably refer to alleged actions taken within her authority as a prosecutor, pursing her prosecution despite a "conflict" and or even though she had a vendetta.  As for ADA Jasmin, Greenup does not allege any conduct outside of her role as a district attorney.  He simply argues that she is related to State Court Judge Madeline Jasmin, 40th JDC Criminal Court.  He also does not allege that his case was tried by Judge Jasmin, nor that it could have been because he also alleges that he pled guilty.  Thus, any claim against Dinvaut and Jasmine in their individual capacities must be dismissed as frivolous for failure to state a claim for which relief can be granted and seeking relief against an immune defendant pursuant to §1915(e)(2).

Furthermore, suit against a prosecutor named in his official capacity is suit against the entity he represents. *See Jefferson Parish Burge v. Parish of St. Tammany*, 187 F.3d 452, 466-67 (5th Cir. 1999); *see also Kentucky v. Graham*, 473 U.S. 159, 165 (1985). The District Attorney could be liable under Section 1983 only if his action was in execution of an unconstitutional parish policy or custom which inflicted injury or damage upon the plaintiff.  *Monell v. Dept of Soc. Servs.*, 436 U.S. 658, 694 (1978). A plaintiff would have to allege not merely that such an unconstitutional policy or custom exists, but that it was the proximate cause of his injury or damage. *See Collins v. City of Harker Heights,* 503 U.S. 115, 122-24 (1992); *Berry v. McLemore,* 670 F.2d 30, 33-34 (5th Cir. 1982), *overruled on other grounds*, *Woodworkers of Am. v. Champion Int'*s Corp., 790 F.2d 1174 (5th Cir. 1986).

However, Greenup has not asserted that Dinvaut or Jasmin made the decision to pursue a First Degree Murder charge against him or that it was the result of an unconstitutional policy or custom of St. John the Baptist Parish as contemplated by *Monell.* Further, Greenup's claim of

7

prosecutorial misconduct, such as pursuing a vendetta or conflict of interest, could be raised in a habeas proceeding but in the absence of any evidence that plaintiff has exhausted his state habeas remedies, this claim should be dismissed without prejudice. Further, Greenup's claims against Dinvaut and Jasmin in their official capacity, if any, are frivolous.

### IV. Recommendation

Accordingly,

**IT IS RECOMMENDED** that Greenup's § 1983 claim against the State of Louisiana and Attorney General Jeff Landry be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e) and § 1915A, and 42 U.S.C. § 1997e for lack of jurisdiction.

**IT IS FURTHER RECOMMENDED** that Greenup's § 1983 claim against the Parish of St. John the Baptist be **DISMISSED WITH PREJUDICE** as legally frivolous.

**IT IS FURTHER RECOMMENDED** that Greenup's § 1983 claim against Warden Travis Day be **DISMISSED WITH PREJUDICE** as legally frivolous for failure to state a claim for which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A.

**IT IS FURTHER RECOMMENDED** that Greenup's §1983 claims against District Attorney Bridget A. Dinvaut and Assistant District Attorney Orthel Jasmin arising of their roles as prosecutors be **DISMISSED WITH PREJUDICE** as frivolous, for failure to state a claim for which relief can be granted and otherwise for seeking relief against an immune defendant.

**IT IS FURTHER RECOMMENDED** that Greenup's claim of prosecutorial misconduct, for the district attorney's decision not to recuse or seeking a "vendetta" against Greenup be **DISMISSED WITHOUT PREJUDICE**, due to the absence of any evidence that Plaintiff exhausted his state habeas remedies.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within **fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this 27th day of March, 2024.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**