# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **WILFRED GREENUP** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-6817** |
| **ATTY. GEN. JEFF LANDRY, ET AL.** | **SECTION "O"** |

## ORDER

The Court, having considered the record, the applicable law, the Report and Recommendation[1] of the United States Magistrate Judge, and the failure[2] of the Plaintiff Wilfred Greenup to file an objection to the Magistrate Judge's Report and Recommendation, hereby approves the Report and Recommendation of the Magistrate Judge and adopts it as its opinion in this matter.

Accordingly,

**IT IS ORDERED** that Greenup's § 1983 claim against the State of Louisiana and Attorney General Jeff Landry is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e) and § 1915A, and 42 U.S.C. § 1997e for lack of jurisdiction.

---

[1] ECF No. 5.

[2] Any party may file an objection within fourteen days after being served a copy of a U.S. Magistrate Judge's Report and Recommendation. 28 U.S.C. § 636(b)(1). To date, Plaintiff has not filed an objection to the Report and Recommendation issued by U.S. Magistrate Judge Roby on March 28, 2024. ECF No. 5. Nor has Plaintiff notified the Court of any change in address. The Report and Recommendation was returned to the Court as "undeliverable" when it was sent to Plaintiff because Plaintiff is "[n]o longer at RCC [Rayburn Correctional Center]." ECF No. 6. Pursuant to the Local Civil Rules, "[e]ach attorney and *pro se* litigant has a continuing obligation promptly to notify the court of any address or telephone number change." LR 11.1. And a *pro se* litigant's failure to "notify the court of a current e-mail or postal address may be considered cause for dismissal for failure to prosecute when a notice is returned to the court because of an incorrect address and no correction is made to the address for a period of 35 days from the return." LR 41.3.1.

**IT IS FURTHER ORDERED** that Greenup's § 1983 claim against the Parish of St. John the Baptist is **DISMISSED WITH PREJUDICE** as legally frivolous.

**IT IS FURTHER ORDERED** that Greenup's § 1983 claim against Warden Travis Day is **DISMISSED WITH PREJUDICE** as legally frivolous for failure to state a claim for which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A.

**IT IS FURTHER ORDERED** that Greenup's §1983 claims against District Attorney Bridget A. Dinvaut and Assistant District Attorney Orthel Jasmin arising of their roles as prosecutors are **DISMISSED WITH PREJUDICE** as frivolous, for failure to state a claim for which relief can be granted and otherwise for seeking relief against an immune defendant.

**IT IS FURTHER ORDERED** that Greenup's claim of prosecutorial misconduct, for the district attorney's decision not to recuse or seeking a "vendetta" against Greenup, is **DISMISSED WITHOUT PREJUDICE**, due to the absence of any evidence that Greenup exhausted his state *habeas* remedies.

New Orleans, Louisiana, this 17th day of September, 2024.

BRANDON S. LONG
UNITED STATES DISTRICT JUDGE